■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL JORDAN, Also Known as MAURICE THOMPSON, Also Known as MICHAEL REID, Appellant. [691 NYS2d 788] —Application by the appellant for a writ of error coram nobis to vacate, on the ground of ineffective assistance of appellate counsel, a decision and order of this Court dated October 26, 1998 (*People v Jordan,* 254 AD2d 501), affirming a judgment of the Supreme Court, Queens County, rendered November 16, 1994.

Ordered that the application is denied.

The appellant has failed to establish that he was denied the effective assistance of appellate counsel (*see, Jones v Barnes,* 463 US 745). Ritter, J. P., Thompson, McGinity and H. Miller, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v ERIC KROHA, Respondent. [693 NYS2d 160] —Appeal by the People from an order of the Supreme Court, Kings County (Juviler, J.), dated May 14, 1998, which granted the defendant's motion to dismiss the indictment pursuant to CPL 30.30 (1) (a).

Ordered that the order is reversed, the indictment is reinstated, and the matter is remitted to the Supreme Court, Kings County, for further proceedings.

The defendant contends that the People failed to be ready for trial within six months of the commencement of the criminal action against him and, therefore, the indictment must be dismissed pursuant to CPL 30.30 (1) (a). The People concede that the commencement of the action was February 8, 1997, and do not dispute that the six months following this date consisted of 181 days. The last day counted for purposes of this appeal is February 27, 1998. Thus, prior to any exclusions of time, a total of 384 days passed.

A total of 146 days were chargeable to the People, which does not exceed six months (in this case, 181 calendar days), from the commencement of the action. Contrary to the defendant's contention, the 81-day period from June 27, 1997 to September 16, 1997, is not chargeable to the People as the defendant consented to those adjournments. Indeed, at the June 27, 1997 court appearance, defense counsel expressly stated that "we consent to the 30.30 waiver". Accordingly, the defendant's motion to dismiss the indictment on the ground that he was deprived of his right to a speedy trial pursuant to CPL 30.30 (1) (a), was improperly granted. Mangano, P. J., Sullivan, Joy and Altman, JJ., concur.